UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MATIAS PABLO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al*.,<br><br>Respondents. | Case No.  1:26-cv-03673 (AMO)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Ruben Matias Pablo ("Petitioner"), a noncitizen who has lived in the United States for over twenty-five years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and Respondents' motion to dismiss. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and DENIES Respondents' motion to dismiss.

I.    BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection or admission in or about May 2001. Dkt. 1 ¶ 2. He subsequently began working as a roofer and has lived in the United States ever since. *Id*. Based on the record before the Court, Petitioner's first interaction with immigration authorities occurred during his recent arrest. On March 10, 2026, Petitioner was arrested while walking home after shopping at a local store. *Id*. ¶ 53. He has since been transferred to several detention facilities across the United States and is now being held at the Mesa Verde Ice

Processing Center. *Id*. Concurrent with his detention, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229(a). *Id*. ¶ 55. No final order of removal is in place.

Petitioner filed a petition for writ of habeas corpus, arguing that his detention violates the Immigration and Nationality Act ("INA"), DHS and EOIR Bond Regulations, the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. *Id*. ¶¶ 58–76. In Respondents' two-page motion to dismiss, the Government does not allege that Petitioner has a criminal record in the United States or elsewhere. *See* Dkt. 6. Instead, Respondents rely entirely on the Government's new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes in his opposition to the motion to dismiss. *See* Dkt. 7.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

The primary disagreement between the parties is whether Petitioner is subject to mandatory detention under 8 U.S.C § 1225(b) ("Section 1225") as an "applicant for admission[.]" Dkt. 6 at 1. This Court agrees with the multitude of courts which have concluded that applying Section 1225 to non-citizens who have lived in the United States for many years and are arrested in the interior of the country "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section

2

1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases cases). As such, Petitioner's detention under Section 1225 is unlawful.

In the alternative, Respondents ask that the Court holds its decision on this matter in abeyance until the Ninth Circuit issues its opinion in *Rodriguez v. Bostock*, No. 25-6842 (9th Circ.). Oral argument was held on March 4, 2026 and the parties requested an expedited opinion. Dkt. 6 at n.2. The Court, however, declines to stay its decision pending the appeal as it is uncertain when the Ninth Circuit will issue an opinion. *See Vazquez v. Andrews*, No. 1:26-CV-01996-JLT-EPG-HC, 2026 WL 1067499, at *3 (E.D. Cal. Apr. 20, 2026) (rejecting Respondents' request to hold the matter in abeyance given the uncertainty of the *Rodriguez v. Bostock* appeal); *Lopez De Los Santos v. Warden*, No. 2:26-CV-01104-JLT-EPG-HC, 2026 WL 1076225, at *4 (E.D. Cal. Apr. 21, 2026) (same). Staying the matter where the Court has already determined Petitioner's detention is unlawful would inflict irreparable harm.

To remedy his unlawful detention, Petitioner seeks his immediate release, or in the alternative, an individualized bond hearing before a neutral adjudicator pursuant to 8 U.S.C. § 1226(a) ("Section 1226"). *See* Dkt. 1 at 20–21. In their motion to dismiss, however, Respondents do not argue that Section 1226 is applicable here. Rather, the only purported basis for Petitioner's detention is Section 1225. *See* Dkt. 6 at 2. As the application of Section 1225 is unlawful here, and Respondents have not provided any alternative lawful justification for Petitioner's detention, the Court can only conclude that Respondents are detaining Petitioner absent statutory authority, and his immediate release is warranted. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119; *Mayen v. Warden*, 2026 WL 1158217, at *2 (E.D. Ca. Apr. 29, 2026) ("Respondent have not suggested that any other detention authority justifies petitioner's detention. Therefore, the court finds that petitioner's detention is not authorized by statute and the appropriate remedy is petitioner's immediate release."); *Abasolo v. Warden*, 2026 WL 936965, at *1 (E.D. Ca. Apr. 7, 2026) (same); *Velasquez v. Warden*, 2026 WL 1102928, at *3 (E.D. Ca. Apr. 23, 2026) (noting that "where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release"); *Avalos v. Warden*, 2026 WL 1067507, at *4 (E.D. Ca. Apr. 20, 2026) (same); *Crispin M.C. v.*

*Noem*, 2026 WL 70553, at \*7 (E.D. Ca. Jan. 8, 2026) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petition presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.      Respondents immediately release Petitioner Ruben Matias Pablo (A240-117-254) from their custody.

2.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: May 26, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge